## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BONITA C. GIBBS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:15-00421-N** |
| | ) | |
| **CAROLYN W. COLVIN,** *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bonita C. Gibbs brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").   The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 15, 16. Oral argument was waived in this action. *See* Docs. 14, 17.

Upon consideration of the administrative record ("R.") (Doc. 10), Plaintiff's Brief (Doc. 11), and the Commissioner's Brief (Doc. 12), the Court has determined that the Commissioner's decision denying Plaintiff benefits should be **AFFIRMED**.[1]

## I.   Procedural Background

Plaintiff filed applications for SSI and DIB on June 18, 2012 (*see* R. 145-158), alleging a disability onset date of May 30, 2012. *See* R. 145, 152. Her application was

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 15.

initially denied. *See* R. 81-85. Hearings were conducted before Administrative Law Judge Linda J. Helm ("the ALJ") on December 5, 2013. *See* R. 26-58. On February 6, 2014, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 8-25. The Appeals Council issued a decision declining to review the ALJ's determination on July 27, 2015 (*see* R. 1-4), rendering the Commissioner's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.981. Claimant timely filed a complaint in this Court on August 19, 2015. *See* Doc. 1.

## II. <u>Factual Background</u>

Plaintiff is a resident of Mobile, Alabama, born November 6, 1979. R. 152. She was 34 at the time of the hearing before the ALJ. R. 26, 152. She completed high school and took some college courses. R. 32. Her past relevant work experience includes positions as a customer service representative, a fast food worker, a dispatcher, an embalmer apprentice, a sales clerk, a data entry clerk, a customer service representative supervisor, and a fast food service manager. R. 19. She has not performed substantial gainful activity since before the alleged onset date of May 30, 2012. R. 13. Plaintiff suffers from a number of medical issues, including obesity, degenerative disc disease of the lumbar spine with sciatica, chronic depressive personality disorder, knee pain, migraine headaches, and arthralgia. R. 13. She has been treated by several medical professionals, including William Bose, M.D. and Tamekia Cunningham, C.R.N.P. R. 16-18. At the time of her July 18, 2013, examination, Plaintiff was taking a number of medications, including Celexa, Tramadol, and muscle relaxers. R. 17-18.

### III.    Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ reversibly erred in failing to assign controlling weight to the opinion of the Plaintiff's treating physician, James Devaney, M.D. Dr. Devaney's opinion is well-supported, is consistent with the other substantial evidence of record, and should have been assigned controlling weight.

2. The ALJ reversibly erred in violation of Social Security Ruling 96-6p by failing to give weight to the opinion of consultative examiner, Alan Sherman, M.D., because it is consistent with the medical evidence of record.

3. The ALJ committed reversible error in violation of 20 C.F.R. § 404.1413(d) in failing to assign the opinion of Tamekia Cunningham, a certified registered nurse practitioner, adequate weight as that of an "other source."

4. The ALJ committed reversible error in acting as both judge and physician by arbitrarily substituting her own medical opinion, without any supporting medical opinions or substantial evidence, for the opinion of a medical professional, in violation of *Marbury v. Sullivan* and Social Security Ruling 96-6p.

Doc. 11 at 1-2.

## IV.    Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*;

*Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is ***supported by*** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

# V.    Analysis

## A.    The ALJ did not err in failing to assign controlling weight to the opinion of the treating physician.

Plaintiff contends that the ALJ reversibly erred in failing to assign controlling weight to the opinion of the Plaintiff's treating physician, James Devaney, M.D., whose opinion was "well-supported" and "consistent with the other substantial evidence of record." Doc. 11 at 2. The opinion of a treating physician, such as Dr. Devaney, "must be given controlling weight" if his medical opinion is "well-supported and not inconsistent with the other substantial evidence in the case record . . ." SSR 96-2p, 1996 WL 374188 (July 2, 1996). The ALJ must weigh all medical opinions before it according to specific factors:

> Unless we [the Social Security Administration] give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we will consider all of the following factors in deciding the weight we give to any medical opinion.
>> (1) Examining relationship . . .
>> (2) Treatment relationship . . .
>> (3) Supportability . . .
>> (4) Consistency . . .
>> (5) Specialization . . .
>> (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion . . .

20 C.F.R. § 404.1527(c). The ALJ "must clearly articulate the reasons for giving less weight to the opinion of the treating physician, and the failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1997).

The opinion of a treating physician " 'must be given substantial or considerable weight unless "good cause" is shown to the contrary.' " *Phillips*, 357

F.3d at 1240 *citing Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). " '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctors own medical records." *Id.* at 1241. "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.*

In the present case, the ALJ disregarded the opinion of Plaintiff's treating physician by stating that

> [t]he opinion of James DeVaney, M.D., in the Alabama Parking Privileges Form is given little weight because it is not consistent with the objective CT spine and lumbar spine X-ray evidence from May 2012 showing generally normal findings, the claimant's treatment examination findings, or the overall conservative treatment despite the claimant's continued pain complaints (Exhibit 8F).

R. 18. The CT scan in question showed no adverse findings. R. 16. The ALJ's determination explicitly states how the treating physician's opinion was not bolstered by the objective evidence of the case, in accordance with *Phillips*. *Id. compare* 357 F.3d at 1241. This constitutes "good cause" necessary for discounting the opinion of a treating physician. *Phillips*, 357 F.3d at 1240 *citing Lewis*, 125 F.3d at 1440. Where the ALJ's evaluation of the treating physician's opinion is consistent with Eleventh Circuit precedent, this Court cannot "decid[e] the facts anew or re-weigh[] the evidence." *Davison*, 370 Fed. App'x at 996. Accordingly, this assignment of error is **OVERRULED**.

**B.    The ALJ did not err in violation of SSR 96-6p by failing to give weight to the opinion of consultative examiner, Alan Sherman, M.D.**

Plaintiff next contends that the ALJ committed error "by failing to give adequate weight to the opinion of consultative examiner, Alan Sherman, M.D., on the grounds it is consistent with the medical evidence of record." Doc. 11 at 7. The weight given to such consultative examiners is governed in part by Social Security Ruling 96-6p, which states that

> . . . the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.
>
> For this reason, the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the [ALJ] and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist. The adjudicator must also consider all other factors that could have a bearing on the weight to which an opinion is entitled, including any specialization of the State agency medical or psychological consultant.

SSR 96-6p, 1996 WL 374180 (July 2, 1996). The ALJ gave "little weight" to Dr. Sherman's opinion, finding it was

> not consistent with the objective CT spine and lumbar spine X-ray evidence from May 2012 showing generally normal findings, claimant's treatment examination findings, or the overall conservative treatment received by claimant (Exhibit 5F).

R. 17-18. Again, the CT scan in question showed no adverse findings. R. 16. The ALJ

is obligated to "evaluate every medical opinion [she] receives." 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ

> Consider[s] all of the following factors in deciding the weight we give to any medical opinion.
> > (1) Examining relationship . . .
> > (2) Treatment relationship . . .
> > (3) Supportability . . .
> > (4) Consistency . . .
> > (5) Specialization . . .
> > (6) Other factors . . .

*Id.* In this case, the ALJ discounted Dr. Sherman's opinion based on its inconsistency with other available medical data, consistent with federal regulations. *Id. compare* R. 17-18. Such comparison is supported by "substantial evidence" (*e.g.* the CT scan) as envisioned by *Bloodsworth*, under which substantial evidence is "more than a scintilla, but less than a preponderance." 703 F.2d at 1239 *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walden v. Schweiker*, 672 F.2d 835, 838-40 (11th Cir. 1982)[2]; *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981); *Fruge v. Harris*, 631 F.2d 1211, 1213 (5th Cir. 1978). Accordingly, the second assignment of error is **OVERRULED**.

**C.  The ALJ did not err in violation of 20 C.F.R. § 404.1413(d) in failing to assign the opinion of Tamekia Cunningham adequate weight as that of an "other source."**

Claimant contends that the ALJ erred by failing to assign adequate weight, as an "other source," to the opinion of Tamekia Cunningham, a certified registered nurse practitioner. Doc. 11 at 9. Administrative regulations state that

---

[2] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

> [i]n addition to evidence from the acceptable medical sources . . . [the ALJ] may also use evidence from other sources to show the severity of [Claimant's] impairment(s) and how it affects [Claimant's] ability to work. Other sources include, but are not limited to—
>
>> (1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists) . . .

20 C.F.R. § 404.1513(d); *see also* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006).

"Opinions from 'other medical sources' may reflect the source's judgment about . . . symptoms, diagnosis, and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). The same factors used for evaluating an acceptable medical source opinion may be used to evaluate an opinion from an unacceptable medical source. *Id. citing* 20 C.F.R. § 404.1527(c), 416.927(c). Additionally,

> [t]he fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because . . . "acceptable medical sources" are the most qualified health care professionals.

SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Acceptable medical sources for establishing impairments are

> (1) licensed physicians . . .
> (2) licensed or certified psychologists . . .
> (3) licensed optometrists . . .
> (4) licensed podiatrists . . . and
> (5) qualified speech-language pathologists . . .

20 C.F.R. § 404.1513(a).

In evaluating Ms. Cunningham's opinion, the ALJ gives the opinion "little weight," saying that

[f]irst, she is not an acceptable medical source. Second, her opinion as to the claimant's ability to be gainfully employed is one reserved to the Commissioner. Third, her opinion is inconsistent with the claimant's longitudinal treatment record, the MRI and X-ray evidence showing generally normal findings, and the conservative treatment for the claimant's pain complaints.

R. 18. The ALJ correctly identified that the opinion did not come from an acceptable medical source and included that factor in her weight determination pursuant to Social Security Ruling 06-03p. R. 18 *compare* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006) *and* 20 C.F.R. § 404.1513(a). The ALJ gave it "little weight," rather than "no weight," meaning that she gave it some consideration, even though it did not come from an acceptable medical source. *See* R.18. The ALJ also correctly stated that the source's determination that the Claimant could not be gainfully employed was not a proper matter for the opinion of an "other source." R. 18 *compare* SSR 06-03p, 2006 WL 232 9939 (Aug. 9, 2006). Finally, the ALJ considered the opinion for its consistency with other medical evidence, pursuant to Social Ruling 06-03p and 20 C.F.R. §§ 404.1527(c) and 416.927(c). Since the ALJ properly considered the opinion of Ms. Cunningham pursuant to all relevant federal regulations and administrative rulings, this assignment of error is **OVERRULED**.

## D. The ALJ did not err in violation of *Marbury v. Sullivan* and SSR 96-6p by substituting her own medical opinion for that of a medical professional.

Plaintiff finally contends that the ALJ substituted her own medical opinion for that of the opinions of the medical professionals which were before her in this matter. Doc. 11 at 11. Specifically, the Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. *Id.* at 13. The ALJ "has the

obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). In fact, the ALJ "abuses his discretion when he substitutes his own uninformed medical evaluations for those a Claimant's treating physician. *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring). Social Security Ruling 96-8p requires that the ALJ include in her RFC assessment "a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence. SSR 96-8p, 1996 WL 374184 (July 2, 1996).

The Plaintiff does not point to any medical opinion or test result which the ALJ did not give any consideration to. In making the RFC finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence . . . " R. 16. The ALJ carefully considered and weighed the medical opinions of Alan Sherman, M.D.; William Bose, M.D.; and James DeVaney, M.D. R. 17-18. She also considered the opinion of Tamekia Cunningham, C.R.N.P., as well as CT scan, lumbar X-ray, and MRI of the Plaintiff's spine. R. 16-18. As required by the Eleventh Circuit, the evidence relied upon by the ALJ in making the RFC determination is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted). In the last analysis, the record

evidence does not support Plaintiff's assignments of error. Rather, the record as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI.   <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 16th day of September 2016.

<u>*/s/ Katherine P. Nelson*</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**